FILED '10 JAN 22 15:07 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation and wholly owned subsidiary of Travelers Insurance Group Holdings, Inc. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JESSE SOLOMON MCLAUGHLIN,<br><br>Defendant. | 09-CV-1178-TC<br><br>FINDINGS and RECOMMENDATION |

COFFIN, Magistrate Judge:

    Defendant, Jesse McLaughlin filed a motion to dismiss, contending that this court should dismiss this action for deficient service and/or abstain from exercising jurisdiction. The parties' briefing sufficiently details the issues in this motion to dismiss. Accordingly, I decline defendant's request to set oral argument for this motion. At the onset I note that the parties no longer dispute the deficiency of service issue. <u>Reply Memorandum in Support of Defendant's Motion to Dismiss</u>, 09-

///

Page 1 - FINDINGS and RECOMMENDATION

CV-1178-TC, *2. For the reasons outlined below, I recommend that this court grant defendant's motion to dismiss on the grounds that this court should abstain from exercising jurisdiction.

## Background

Plaintiff, Travelers Indemnity Company, seeks a federal declaratory judgment declaring the rights of the parties with respect to an insurance policy issued by plaintiff to the parents of defendant Jesse McLaughlin. Travelers issued a Commercial Auto Policy covering, among other things, compensatory damages of up to $1,000,000 for bodily injury caused by the owner or driver of an uninsured motor vehicle, if such injury was caused by accident and resulted from or arose out of ownership, maintenance, or use of an uninsured motor vehicle.

In October 2007, Jesse McLaughlin was playing a game of paint ball with friends on Bureau of Land Management (BLM) land. While playing, he was shot in the neck by Derek Madsen, who mistakenly believed he was shooting at a skunk. Madsen shot Jesse McLaughlin while driving on public BLM roads. Madsen's automobile liability insurer paid $250,000 on behalf of Jesse McLaughlin, the limit of Madsen's policy for bodily injury to any one person caused by Madsen's use of a motor vehicle. In the summer of 2009, Defendant Jesse McLaughlin filed a claim under the Commercial Auto Policy with Travelers Indemnity Company seeking recovery of medical costs beyond what was covered under Madsen's insurance policy. Travelers denied this claim.

On October 5, 2009, Travelers filed this action in federal court seeking a judicial determination of Jesse McLaughlin's eligibility as an "insured" under the policy, and a judicial determination of whether the policy's underinsured motorist coverage applies to Jesse McLaughlin's claim. On October 9, 2009 defendant Jesse McLaughlin filed an action in state court. <u>Jesse McLaughlin v. Travelers Indemnity Company of Connecticut and MJI, Inc.</u>, Lane County Circuit

Page 2 - FINDINGS and RECOMMENDATION

Court Case No. 16-09-22645. This action includes claims against Travelers Indemnity Company of Connecticut for breach of contract and for bad faith for failing to provide benefits under the policy. In the alternative, this case also includes a claim of negligence against the insurance brokerage firm that obtained the policy for failure to obtain an insurance policy that would provide underinsured motor vehicle benefits for injuries such as those suffered by Jesse McLaughlin.

Defendant Jesse McLaughlin moves the court to abstain from exercising jurisdiction over this declaratory judgment action, and to dismiss the action for further proceedings in state court. Plaintiff The Travelers Indemnity Company opposes the motion.

## Standards

The federal Declaratory Judgment Act authorizes the federal court to issue declaratory judgments. 28 U.S.C. 2201(a). This Court possesses discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). For the purpose of a motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## Discussion

The District Court's discretion in deciding whether to entertain a declaratory judgment action is not unfettered. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998). A District Court cannot decline an action as a whim or due to a personal disinclination. Id. (quoting Public Affairs Assoc. v. Rickover, 369 U.S. 111, 112 (1962)). In deciding whether to exercise its discretion under the Declaratory Judgment Act, a federal court must consider three factors: "(1) avoiding the needless determination of state law issues; (2) discouraging litigants from forum

Page 3 - FINDINGS and RECOMMENDATION

shopping; and (3) avoiding duplicative litigation." Allstate Ins. Co. v. Liberty, 2007 WL 4165745, *2 (D. Or. 2007); Dizol, 133 F.3d at 1225. The Supreme Court has noted that where another suit is pending in a state court that presents the same issues, it would be uneconomical and even "vexatious" for a federal court to proceed with a declaratory judgment. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942); see also Wilton, 515 U.S. at 282. The question for the district court is whether the issues in question can be better settled in the state court proceeding. Brillhart, 316 U.S. at 495; Wilton, 515 U.S. at 282. In deciding which forum is appropriate, the court should also look to other considerations, such as whether the declaratory action can settle all aspects of the controversy, whether it will clarify the legal relations at issue, whether it is sought to obtain an advantage, whether it will entangle federal and state court systems, the convenience of the parties, and the availability of other remedies. Liberty, 2007 WL 4165745 at 2-3.

It is well settled in the 9th Circuit that ordinarily the federal courts "should abstain from exercising their jurisdiction in a declaratory judgment action over disputes between insurance companies and their insureds in which the merits must be decided under state law." Polido v. State Farm Mut. Auto Ins. Co., 110 F.3d 1418, 1424 (9th Cir. 1997)(citing Brillhart, 316 U.S. at 495, overruled on other grounds, Dizol, 133 F.3d 1220 (1998)); see also Liberty, 2007 WL 4165745 at 2; but see Aetna Cas. & Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992). The 9th Circuit has noted that to overcome this presumption, the parties must explain how their case differs from the "general run of insurance coverage cases in which the exercise of a district court's jurisdiction would be unwarranted." Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir. 1995)(overruled on other grounds, Dizol, 133 F.3d 1220 (1998)). While most cases involve a state case that was filed prior to the federal declaratory judgment action, the 9th Circuit and Supreme

Page 4 - FINDINGS and RECOMMENDATION

Court have both upheld the dismissal of a federal court proceeding that was filed prior to the parallel state proceeding. See Wilton, 515 U.S. at 280; Polido, 110 F.3d at 1422. Furthermore, the 9th Circuit has held that the timing of the respective state and federal filings is irrelevant so long as the state action is pending when the motion to dismiss is made. Polido, 110 F.3d at 1422.

As in Liberty, the plaintiff here disputes the existence of insurance coverage under a policy it issued to the defendant's parents. In Liberty Judge Aiken noted that the merits of such a dispute must be decided under state law using Oregon's rules for insurance contract construction. Liberty, 2007 WL 4165745 at 3; see also Hoffman Constr. Co. v. Fred S. James & Co., 313 Or 464, 469 (1992). Plaintiff here is already a party in the pending action in Lane County Circuit Court which will decide the same issues as the action at bar and determine plaintiff Traveler's liability under its contract with defendant Jesse McLaughlin. Specifically, in order to rule on the claims made in the state case, the state court must decide Jesse McLaughlin's eligibility as an "insured" under the policy, and whether the policy's underinsured motorist coverage applies to Jesse McLaughlin's claim.

Moreover, the state action includes an additional party, the insurance brokerage firm, who is not a party to the action at bar. As the federal action does not include the insurance brokerage firm, defendant Jesse McLaughlin may be unable to obtain complete relief in the federal action. The federal action will not completely resolve the state action, and will therefore not settle the entire controversy. There is also some concern that deciding the federal action may result entanglement between the state and federal systems because resolution of this case may involve a new interpretation of state insurance law. Finally, the state action seems equally convenient to both parties.

///

Page 5 - FINDINGS and RECOMMENDATION

In sum, upon review of the three factors and other relevant considerations mentioned in Liberty, Drizol, and Polido, I find these factors weigh in favor of abstention.

## Conclusion

I recommend that this court grant defendant's motion to dismiss. The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 22nd day of January, 2010.

THOMAS M. COFFIN
United States Magistrate Judge